UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES MORROW,

    Plaintiff,                      CASE NO.

v.

LTD FINANCIAL SERVICES,

    Defendant.
_____/

## PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, CHARLES MORROW ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, LTD FINANCIAL SERVICES ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1.     Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3.     Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person who resides in Sun City, Hillsborough County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6. Plaintiff is informed, believes, and thereon alleges, that Defendant is a company with a business office located in Houston, Texas.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. On September 3, 2010, Plaintiff mailed a cease and desist letter to Defendant via certified mail.

12. Plaintiff received confirmation that Defendant received his September 3, 2010, cease and desist letter.

13.    On September 23, 2010, Defendant contacted Plaintiff two (2) times seeking payment for the alleged debt.

14.    On September 27, 2010 at 6:48 pm Defendant contacted Plaintiff seeking payment for the alleged debt.

15.    Plaintiff informed Defendant's representative that he had sent a cease and desist letter on September 3, 2010 and to please stop contacting him as Plaintiff is disputing the alleged debt.

16.    Defendant's representative told Plaintiff that he did not see any such letter and would continue to call Plaintiff.

17.    Defendant contacted Plaintiff two (2) more times on September 27, 2010, once at 7:21 pm and another at 7:23 pm, seeking payment for the alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

18.    Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

a)    Defendant violated §1692c(c )of the FDCPA by contacting Plaintiff after he sent a cease and desist letter; and

b)    Defendant violated §1692d of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

19.    Statutory damages of $1000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

20.    Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

21.    Any other relief that this court deems to be just and proper.

VERIFIED COMPLAINT                                            3

RESPECTFULLY SUBMITTED,

By:

James Pacitti
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone: (323) 988-2400 x230
Fax: (866) 385-1408
jpacitti@consumerlawcenter.com
Attorney for Plaintiff
FBN: 119768

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CHARLES MORROW hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, CHARLES MORROW, says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, CHARLES MORROW, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: _19 October 2010_                     _Charles Morrow_
                                             CHARLES MORROW,
                                             Plaintiff